UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x

COURTNEY GREEN,                              :
                                             :
                        Plaintiff,           :
                                             :          **MEMORANDUM &**
        -against-                            :          **ORDER**
                                             :
COMMISSIONER QUIROS, *et al.*,               :          3:24-CV-01317 (VDO)
,                                            :
                                             :
                        Defendants.          x

----------------------------------------------------------------

**VERNON D. OLIVER**, United States District Judge:

Before the Court are Plaintiff's motions to compel,[1] and his motion for extension of time.[2] After considering the motions and Defendants' responses,[3] the Court **DENIES** the motions to compel and **GRANTS** the motion for extension of time for reasons that follow.

### A. First Motion to Compel

Plaintiff first seeks an order compelling Defendants to produce "institutional post orders,"[4] which are "rules and regulations that apply to a specific post that a correctional officer or employee would be working and that set special and specific instructions for how that individual should be doing that particular position." *Hartman v. Holder*, No. 100-CV-6107, 2009 WL 792185, at \*3 (E.D.N.Y. Mar. 23, 2009) (quotation marks, citations, and alterations omitted). Defendants object to Plaintiff's motion, asserting that Plaintiff's discovery request fails

---

[1] ECF Nos. 32, 36.

[2] ECF No. 33.

[3] ECF Nos. 37–39.

[4] Fir. Mot. to Comp., ECF No. 32-1 at 3.

to comply with Fed. R. Civ. P. 26(g)(2) and that he failed to comply with D. Conn. L. Civ. R. 37 before filing his motion to compel.[5]

Before reaching the merits of Plaintiff's motion, the Court must first address an important observation made by Defendants.[6] Plaintiff's first motion to compel cites four cases in support of his contention that the "law enforcement privilege does not apply to post orders."[7] The Court could locate two of those cases—*King v. Conde*, 121 F.R.D. 180, 191 (E.D.N.Y. 1988), and *Prisoners' Legal Services of N.Y. v. N.Y. State Dept. of Corr.*, 173 A.D.3d 8 (N.Y. App. Div. 2019)—on Westlaw, but, like Defendants, it could not locate the other two cases—*Rodriguez v. Sposato*, 2017 WL 2345698 (E.D.N.Y. 2017), and *Scott v. Fischer*, 2010 WL 4822724 (S.D.N.Y. 2010),—in the Westlaw database. Because the citation format suggests these cases can be found in the Westlaw database but the Court could not locate them there, the Court agrees with Defendants' hypothesis that "these decisions may not exist, and, in fact, may be the result of the hallucination of an artificial intelligence software of some kind."[8] *Cf. Moales v. Land Rover Cherry Hill*, No. 3:25-CV-544 (VDO), 2025 WL 1249616, at *3 (D. Conn. Apr. 30, 2025).

Artificial intelligence may ultimately prove a helpful tool to assist *pro se* litigants in bringing meritorious cases to the courts. In that way, artificial intelligence has the potential to contribute to the cause of justice. However, accessing any beneficial use of artificial intelligence requires carefully understanding its limitations. Because artificial intelligence synthesizes many sources with varying degrees of trustworthiness, reliance on artificial intelligence without independent verification renders litigants unable to represent to the Court that the information in

---

[5] *See* Def. Obj., ECF No. 37 at 5.

[6] *See id* at 6.

[7] Fir. Mot. to Compl., ECF No. 32-1 at 2 (caps omitted).

[8] Resp., ECF No. 37 at 6 n.4.

their filings is truthful. Whether the issues with Plaintiff's filings are the result of artificial intelligence or some other mistake, the Court **cautions** Plaintiff to ensure that future submissions must contain only accurate representations.

Turning to the merits, the Court need not decide whether Plaintiff's discovery request failed to comply with Fed. R. Civ. P. 26(g)(2), because it agrees with Defendants that Plaintiff failed to comply with D. Conn. L. Civ. R. 37 before filing his motion to compel.[9] Local Rule 37(a) provides, in relevant part, that a motion to compel should not be filed unless the movant "has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." D. Conn. L. Civ. R. 37(a).

The parties agree that they discussed the discovery dispute "in person," as required by D. Conn. L. Civ. R. 37(a), but Defendants maintain the motion to compel should be denied because Plaintiff did not discuss the discovery issue with defense counsel "in detail," as required by that rule. Defendants assert that Plaintiff "briefly inquired about his request for DOC post orders from Robinson CI" while at the Attorney General's Office for the unrelated purpose of watching video surveillance footage.[10] Defense counsel then told Plaintiff that "the sought documents were being withheld on the basis of safety and security concerns."[11] The parties later exchanged emails about the issue.[12]

Consistent with Defendants' account of the exchange, Plaintiff maintains in the declaration attached to his motion that while meeting with defense counsel at the Attorney General's Office,

---

[9] *See* Def. Obj., ECF No. 37 at 5.

[10] Def. Obj., ECF No. 37 at 2.

[11] *Id.*

[12] *See id.* at 3 (citing Pl. Exs. 3–4, ECF No. 32-3 at 9–12).

Plaintiff asked defense counsel why Plaintiff could not have the post orders.[13] Defense counsel told Plaintiff that "defendant[ ]s are not willing to give up the document(s) that [he] requested."[14] Plaintiff "remind[ed] [defense counsel] that the defendant[ ]s furnished [him] with copies of their logbook entries as part of [his] other discovery request(s)."[15] Plaintiff "then informed Attorney Mancini that [he] would be filing a motion to compel the discovery in dispute."[16] The parties then exchanged emails after Plaintiff's visit to the Attorney General's Office.[17]

The Court agrees with Defendants that, while the parties met in person, they did not discuss the discovery issue "in detail," as required by D. Conn. L. Civ. R. 37(a). Courts in this district have concluded that when parties "barely" discuss a discovery issue, as they did here, they have not discussed it "in detail" within the meaning of D. Conn. L. Civ. R. 37(a). *See*, *e.g. Hanna v. Am. Cruise Lines, Inc.*, No. 3:19-CV-74 (CSH), 2019 WL 6770132, at *2 (D. Conn. Dec. 12, 2019) (noting that "the attachments to Defendant's Brief appear to demonstrate that the Parties barely discussed their discovery issues altogether—let alone 'in detail'—because the Parties 'did not address any specific request for production or admission, nor the scope of any objection.'" (quotation omitted)). If the parties had discussed the issue "in detail" during their in-person meeting, the subsequent email exchange[18] and interrogatories Plaintiff propounded to Defendants[19] would have been unnecessary.

---

[13] Decl., ECF No. 32-2 ¶ 4.

[14] *Id.*

[15] *Id.* ¶ 5.

[16] *Id.* ¶ 6.

[17] *See id.* ¶¶ 7–9.

[18] *See* Pl. Exs. 3–4, ECF No. 32-3 at 10, 12.

[19] *See* Def. Obj., ECF No. 37 at 3.

"The purpose of [D. Conn. L. Civ. R. 37(a)] is to encourage the parties to resolve discovery disputes without court intervention." *Ruffino v. Faucher*, No. 3:11-CV-297 (VLB), 2012 WL 3637636, at *1 (D. Conn. Aug. 22, 2012). If the parties' efforts to resolve discovery disputes "only created additional confusion,"[20] as Defendants maintain, then the purpose of D. Conn. L. Civ. R. 37(a) is undermined because the party's discussions were not made "in a good faith effort *to eliminate or reduce the area of controversy*, and to arrive at a mutually satisfactory resolution." D. Conn. L. Civ. R. 37(a) (emphasis added). Accordingly, Plaintiff's first motion to compel is **DENIED** without prejudice. *See Hanna*, 2019 WL 6770132 at *2–3 (denying motion to compel without prejudice where parties "barely" discussed discovery issues and where plaintiff's conduct after discovery discussion did not demonstrate a "good faith effort to eliminate or reduce the area of controversy" (quoting D. Conn. Loc. R. 37(a))).

### B. Second Motion to Compel

Plaintiff also filed a second motion to compel requesting the Court to order Defendants to "provide [P]laintiff with a copy of the deposition transcripts at no cost, or, in the alternative, that the court direct any court reporter or officer[ ] before whom the deposition was taken to do so."[21] The Court declines to do so. *See Raffone v. Nugent*, No. 3:13-CV-1589 (JBA), 2016 WL 199399, at *5 (D. Conn. Jan. 15, 2016) ( "Even if Plaintiff were proceeding *in forma pauperis* in this case, he would not be entitled to free copies of deposition transcripts."). Accordingly, Plaintiff's second motion to compel is **DENIED**.

### C. Motion for extension of time

Lastly, Plaintiff moves for a thirty-day extension of the discovery and dispositive motion

---

[20] *Id.* at 5.

[21] Pl. Sec. Mot. to Comp., ECF No. 36 at 2.

deadlines.[22] Because the parties' pleadings reflect that some discovery issues remain unsettled, that motion is **GRANTED**. Discovery must be completed on or by **July 18, 2025**. Dispositive motions are due on or by **August 17, 2025**. No further extensions of these deadlines will be granted.

**SO ORDERED.**

Hartford, Connecticut
June 18, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

---

[22] *See* Mot. for Ext., ECF No. 33 at 1.