SEP 9 2025 PM1:35
FILED-USDC-CT-HARTFORD

United States District Court

District of Connecticut

Courtney Green

No. 3:24-CV-01317-VDO

V.

Commissioner Quiros, et al

9 / 5 / 2025

Plaintiff's Statement of Disputed Factual Issues

Pursuant to local rule 56 (a) 2, the plaintiff submits the following list of genuine issues of material fact that require the denial of defendant's motion.

1. Whether plaintiff exhausted his administrative remedies that were available to him. See Exh. 18.

2. Whether the plaintiff challenged the strip search policy that occurred after video visits.

3. Whether the plaintiff's administrative remedy should have been subject to level 3 review. See Exh. 18 at 007;

4. Whether the plaintiff was strip searched after a video visit prior to 6/4/24.

5. Whether the defendants had a policy in effect that required the plaintiff to submit to strip searches after video visits prior to 6/4/2024.

6. Whether Administrative Directive 6.7 did not require plaintiff to be strip searched after video visits prior to 6/4/24. See Exh. 19 at 013 See .IX

7. Whether Administrative Directive 6.7 currently contradicts Bell v. Wolfish, 441 U. S. 520 (1979) by requiring inmates to submit to strip searches after non - contact video visits.

8. Whether reasonable suspicion existed when the plaintiff was strip searched after video visits on 6/3/2024, 6/10/2024.

9. Whether plaintiff being strip searched after video visits on 6/3/2024, 6/10/2024 was reasonably related to a legitimate penological goal.

10. Whether plaintiff maintained a right to limited bodily privacy while incarcerated on 6/3/2024, 6/10/2024.

1

11. Whether Defendant Caron directs the programs and operations of the correctional center, facility, institution or major program; directs all staff.

12. Whether Defendant Caron directs staff and operations of a correctional institution, center, facility or major program area as designated in accordance with the policies, procedures and directives of the commissioner of correction.

13. Whether Defendant Caron is / was aware of the term reasonable suspicion. See Exh. 16 at 002.

14. Whether Defendant Caron was aware of Bell v. Wolfish 441 U. S. 520 (1979). See Exh. 18 at 008 - 010, Exh. 16 at 003.

15. Whether Defendant Caron instituted a blanket policy at Robinson CI subjecting plaintiff to strip searches after non - contact video visits.

16. Whether plaintiff was subject to unreasonable searches after non - contact video visits on 6/3/2024, 6/10/2024.

17. Whether contraband can be obtained from a visitor through a computer screen during non - contact video visits.

18. Whether contact visits are the most likely source of how contraband is conveyed into correctional facilities.

19. Whether Defendant Quiros covertly authorized strip searches to occur at the conclusion of non - contact video visits.

20. Whether Defendant Ogando oversaw the operations at Robinson CI. See Exh. 27 At : 0056

21. Whether Defendant Ogando ensures enforcement of agency and institution rules, regulations. See Exh. 27.

22. Whether Defendant Ogando interprets and administers pertinent laws. See Exh. 27.

23. Whether Defendant Starzky strip searched plaintiff after a non - contact video visit on 6/3/2024.

24. Whether reasonable suspicion existed when Defendant Starzky strip searched plaintiff on 6/3/2024.

25. Whether Defendant Coggeshall strip searched plaintiff after a non - contact video visit on 6/10/2024.

26. Whether reasonable suspicion existed when Defendant Coggeshall strip searched plaintiff on 6/10/2024.

27. Whether Robinson CI's visiting room is a public area.

28. Whether visitors need to be approved prior to gaining access to Robinson CI visiting room.

29. Whether inmates at Robinson CI need authorization prior to entering the visiting room.

30. Whether contraband can be obtained from a visitor through a computer screen during a non - contact video visit,

31. Whether contraband has been found on inmates after participating in non - contact video visits.

32. Whether correctional officers search the non - contact video visit area after their completion.

33. Whether correctional officers search the visiting room at irregular intervals.

34. Whether inmates participating in video visits are instructed by correctional staff to sit at assigned computers during said visits.

35. Whether inmates participating in contact visits have contact with inmates participating in non - contact video visits.

36. Whether inmates are strip searched after having interactions in the mess hall during mass feeding.

37. Whether inmates are strip searched after having interactions in the gymnasium.

38. Whether a grievance that is rejected can be appealed.

39. Whether correctional officer(s) have ever interdicted drugs from an inmate that participated in a video visit. See Exh. 8 at 19.

40. Whether Robinson CI's visiting room was considered a public area prior to 6/3/2024. See Exh. 12 see. 5 b, 7, IX.

41. Whether Defendant Caron acquiesced and / or implemented the policy requiring inmates to submit to strip searches at the conclusion of video visits. See Exh. 4 at 23.

Certification

I hereby certify that a copy of the foregoing was sent by mail on _9_ / _5_ /2025 to

Dennis Mancini at 165 Capitol Ave, Hartford, Ct 06106.

By Courtney Green

Courtney Green

30 Trowel Street

Bridgeport, Ct 06607